STATE OF LOUISIANA v. NAPOLEON
AVENUE FERRY CO.

---

(Apr. 11, 1927.  Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Corporations — Par.
   209; Licenses—Par. 6.**

A corporation operating a ferry on the Mississippi River between the Parishes of Orleans and Jefferson transporting passengers and vehicles from one side of the river to the other, and vice versa. is engaged in business in both parishes. and may be sued in either parish by the State of Louisiana for a license tax.

2. **Louisiana Digest—Corporations — Par.
   209; Courts—Par. 115.**

The District Court of Jefferson Parish, the parish of the corporation's domicile, has jurisdiction of such a suit, notwithstanding the fact that all passenger fares are collected on the Orleans side and the charges for vehicular traffic collected in midstream.

Appeal from Twenty-fourth Judicial District Court, Parish of Jefferson.  Hon. L. Robert Rivarde, Judge.

Action by State of Louisiana against Napoleon Avenue Ferry Company.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Chas. J. Larkin, Jr., of New Orleans, attorney for plaintiff, appellant.

Bond, Curtis & Hall, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J.   The sheriff and ex officio tax collector for the Parish of Jefferson brings this suit in the Twenty-fourth Judicial District Court for the Parish of Jefferson for alleged delinquent license taxes due the State of Louisiana.

The defendant filed an exception to the jurisdiction ratione persona and ratione materiae.  There was judgment maintaining the exception and plaintiff has appealed.

The argument on the exceptions was, as repeated in this court, that the defendant did no business in Jefferson Parish and that consequently it could not be sued by the tax collector of that parish.

The case was heard so far as the exceptions were concerned, upon the following agreed statement of fact:

"That the domicile of the defendant, as fixed in its charter, is the Parish of Jefferson; that the corporation operates a ferry between the Parishes of Jefferson and Orleans; that the office of the company, as fixed by a resolution of its board of directors adopted in 1923, is room 606, United Fruit Company. Building, Orleans Parish; that all passenger fares are collected in Orleans Parish and all truck, wagon, automobile and vehicle traffic charges are collected in midstream."

The law (Act 205 of 1924, Sec. 36) provides that "all licenses shall be paid in the parish wherein is situated or conducted the business for which the license is due."

It is obvious that defendant is conducting business in Jefferson Parish.  The fact that all passenger fares which represent a part of the proceeds of business are collected on the Orleans side of the river, where the defendant has an office is immaterial.  Transporting freight and passengers from Jefferson to Orleans and vice versa constituted doing business in Orleans Parish, where the office is maintained and passenger fares collected; but, it also in-

volves doing business in Jefferson Parish, where the defendant is domiciled.

That being true, and assuming that defendant might be sued in either, or both parishes, we see no objection, and nothing to complain of, if the State brings a suit in the parish selected by defendant as its domicile.

The judgment appealed from is reversed and it is now ordered that the exceptions to the jurisdiction be overruled and the cause remanded for further proceedings not inconsistent with the views herein expressed.